UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR00-034-JCC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | SUMMARY REPORT OF U.S. |
| ROBERT JOHN PRESTON, ) | MAGISTRATE JUDGE AS TO |
| ) | ALLEGED VIOLATIONS |
| Defendant. ) | OF SUPERVISED RELEASE |
| ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on July 17, 2012. The United States was represented by AUSA James Oesterle and the defendant by Robert Leen. The proceedings were digitally recorded.

Defendant had been sentenced on or about June 30, 2000 by the Honorable John C. Coughenour on a charge of Felon in Possession of a Firearm, and sentenced to 61 months custody, 3 years supervised release.

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to drug testing, participate in a substance abuse program, abstain from alcohol and other intoxicants, submit to

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

search, participate in a mental health program, and be prohibited from possessing any identification in any but defendant's true legal name. (Dkt. 22.)

The judgment was amended to impose sixty-one months to run concurrently with the sentence imposed in King County Cause No. 99-1-03557-3. (Dkt. 25.)

Defendant's probation reported that he tested positive for cocaine on April 4, 2005. Defendant was reprimanded and placed in a structured testing program. (Dkt. 28.) Defendant admitted violating the conditions of supervised release on November 23, 2005 by using cocaine. (Dkt. 33.) He was sentenced to 150 days of home confinement with electronic monitoring. (Dkt. 35.)

Defendant was sentenced to time served (104 days) on August 24, 2006 for violating the conditions of supervised release by failing to complete 150 days of home confinement with electronic monitoring, failing to participate in substance abuse testing, and failing to report to the probation office. (Dkt. 53.)

On July 13, 2007, defendant was sentenced to 12 months and one day in custody, followed by 2 years supervised release, for violating the conditions of supervision by failing to report to the probation office as directed and by committing the crimes of attempting to elude and hit and run. (Dkt. 71.) At the request of the probation office, the requirement that defendant serve 150 days on electronic monitoring was suspended. (Dkt. 87.)

Defendant admitted using cocaine on February 8, 2011 and was required to serve 90 days on electronic home monitoring with curfew. (Dkt. 88, 89.)

In applications dated May 3, 2012 and May 16 (Dkt. 90-91, 98-99), U.S. Probation Officer Jerrod Akins alleged the following violations of the conditions of supervised release:

1.      Failing to report a change in residence as instructed, in violation of standard condition 6.

2.      Failing to follow the instructions of the U.S. Probation Officer, in violation of standard condition No. 3.

3.      Committing the crime of driving while license suspended on May 2, 2012, in violation of the general condition that he not commit another federal, state, or local crime.

4.      Committing the crime of attempting to elude a pursuing police vehicle on May 12, 2012, in violation of the general condition that he not commit another federal, state, or local crime.

5.      Committing the crime of obstructing a law enforcement officer on May 12 and May 15, 2012 in violation of the general condition that he not commit another federal, state, or local crime.

6.      Associating with a person engaged in criminal activity on May 12, 2012, and May 15, 2012, in violation of standard condition No. 9.

7.      Associating with Danny Stroud, Kelly Watts, and Sarah Laval, all convicted felons, on May 15, 2012, in violation of standard condition No. 9.

Defendant was advised in full as to those charges and as to his constitutional rights.  He denied the allegations and requested an evidentiary hearing. (Dkt. 93, 109.) The matter was referred for hearing to the undersigned Magistrate Judge by Judge Coughenour. (Dkt. 106.)

The hearing was held on July 17, 2012, at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt.109).   In the interest of expediting the matter, the government moved to withdraw alleged violation 3.   The

government moved to amend the date of "May 15, 2012" alleged in violations 5, 6, and 7 to "May 14 and 15, 2012".   This Summary Report will memorialize the Court's oral ruling in this matter.

**Findings of Fact and Recommendations**

<u>Violation 1 – Failing to report a change in residence as instructed.</u>

<u>Violation 2 – Failing to follow the instructions of the U.S. Probation Officer.</u>

Defendant's probation officer, Jerrod Akins, testified that he reviewed the conditions of supervision with defendant on several occasions and that defendant was familiar with those conditions.   Standard conditions 6 and 3 required defendant to notify his probation officer of a change in residence and to truthfully answer inquiries of his probation officer.   In defendant's written report for April 2012, he reported his residence to be an address in Burlington, WA. (Hearing Ex. 1.) Having not made a previous home visit to that location, Mr. Akins conducted a random home contact on April 27, 2012.   The address was a hotel, and Mr. Akins was advised by the manager that defendant had moved out the prior day without a forwarding address.   Mr. Akins left a voice mail message for defendant on April 30 with no response.   After Mr. Akins left another message on May 1, defendant responded that day.   He told Mr. Akins he had moved and was living on Smith Road, and promised to call back with the address.   Defendant did not do so, despite several subsequent requests.   Mr. Akins requested a warrant from Judge Coughenour (Dkt. 90.)   Eventually, Mr. Akins received an address from the defendant's attorney (Hearing Ex. 2, 3), but it was the address of defendant's daughter with whom he did not and never had resided.

I find that the government has established by a preponderance of the evidence that

defendant has violated the conditions of supervised release as alleged in violations 1 and 2, by failing to report a change in residence as instructed and failing to follow the instructions of his probation officer.

<u>Violation 3 – Committing the crime of driving while license suspended.</u>

I recommend the Court grant the government's motion to withdraw the alleged violation.

The remaining four alleged violations will be discussed together, as they rely on common facts.

<u>Violation 4 – Committing the crime of attempting to elude a pursuing police vehicle on May 12, 2012.</u>

<u>Violation 5 – Committing the crime of obstructing a law enforcement officer on May 12 and May 14-15.</u>

<u>Violation 6 – Associating with a person engaged in criminal activity on May 12, 2012 and May 14-15, 2012.</u>

<u>Violation 7 – Associating with Danny Stroud, Kelly Watts, and Sarah Laval, all convicted felons, on May 14-15, 2012.</u>

Washington State Patrol Trooper Jesse Greene testified that he was on patrol traveling southbound on SR20 when he conducted a traffic stop of the driver of a 2000 Mercury Mountaineer, the defendant in this case, for a seatbelt violation. A computer identity check provided the information that the defendant's license was suspended, there was an outstanding warrant from the United States Marshals, and there was a "banner code" warning that defendant exhibited violent tendencies toward law enforcement.   The trooper backed up his vehicle about

50 feet and called for backup. Trooper Lancaster responded. Over the PA system, Trooper Greene instructed defendant three times to step out of the vehicle, and that he was under arrest. Defendant did not respond, and the trooper could see that defendant was becoming agitated inside the vehicle. The trooper unholstered his gun and began to walk toward the vehicle. Suddenly, defendant sped off at a high rate of speed. The two troopers pursued with lights and sirens activated. Defendant reached speeds of 70 miles per hour. After one or two minutes, Trooper Lancaster advised of heavy traffic on the upcoming bridge, and advised they should discontinue the pursuit. Trooper Greene testified that he could see defendant about 10 cars away, boxed in by slower vehicles. The trooper was able to catch up to defendant's car within two car lengths. Then, as defendant and the troopers exited the bridge, the defendant swerved over two double yellow lines into oncoming traffic, narrowly avoiding a collision. Defendant sped off and Trooper Greene pulled over onto the shoulder. Although the two troopers employed road blocks, a SWAT team, a canine unit and the assistance of the Parks Department law enforcement, defendant was not found that day. His abandoned vehicle was found about one mile from the bridge.

Washington State Patrol Trooper Jason Nichols testified that he was on duty in Oak Harbor the evening of May 14. He received a dispatch for a possible burglary in progress and found another car responding as well. They stopped about one thousand feet from the location of the suspected burglary at a residence, where two individuals were standing outside a vehicle talking. The troopers began to approach slowly, and were a few houses away when other officers from the military police approached from behind them. The suspects saw them, got into their vehicle and sped off with the tires squealing. They were eventually stopped by

police. Three occupants were left in the vehicle—one passenger had left the vehicle, leaving the rear passenger door still open. The individual was the defendant. The officers contained the area, training their spotlights on several areas. Trooper Nichols heard several beeping sounds like an alarm being activated. He ran toward the scene, observing an unoccupied van in a carport and a storage building with the door slightly ajar. The homeowner looked through the window, telling the officer he also heard a noise. The trooper located the defendant in the storage building. The defendant tried to escape, while the trooper repeatedly told him to get down. Although the defendant said "I give, you've got me", he continued to try to pull away. The trooper finally took him by the shoulders and spun him to the ground, assisted by an Oak Harbor police officer. Defendant was put in handcuffs and taken into custody. The three individuals in the car with defendant before he attempted to escape were Danny Stroud, Kelly Watts, and Sarah Laval. All were convicted felons.

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violations 4 and 5 on May 12, 2012 by willfully refusing to obey the trooper's command to get out of his vehicle, leaving the scene of the traffic stop, driving his vehicle in a reckless manner while attempting to elude pursuit, and refusing to bring his vehicle to a stop.

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violation 5 on May 14-15, 2012 by leaving the scene of a stop, exiting the vehicle and attempting to escape, and willfully refusing the commands of an law enforcement officer to submit to arrest.

I find that the government has established by a preponderance of the evidence that

defendant has violated the conditions of supervised release as alleged in violation 6 on May 14-15, 2012 by associating with a person engaged in criminal activity. However, I do not find sufficient evidence of that violation occurring on May 12 to sustain the government's burden of proof.

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violation 7 by associating with convicted felons Danny Stroud, Kelly Watts, and Sarah Laval on May 14-15, 2012.

I therefore recommend the Court find defendant violated his supervised release as alleged in violations 1, 2, 4, 5, 6 (as to May 14-15), and 7, that the Court dismiss violation 3, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Coughenour.

Pending a final determination by the Court, defendant has been detained.

DATED this 19th day of July, 2012.

_____
Mary Alice Theiler
United States Magistrate Judge

cc:   District Judge:         Honorable John C. Coughenour
      AUSA:                   James Oesterle
      Defendant's attorney:   Robert Leen
      Probation officer:      Jerrod Akins